IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH RAFFINEE,                )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )   Civil Action No. 09-303
                                 )
COMMISSIONER OF SOCIAL SECURITY; )
JUDGE KENNETH R. ANDREWS;        )
RODNEY D. SHEPERD, ESQUIRE; and  )
BRUCE GELMAN, ESQUIRE,           )
                                 )
          Defendants.            )

O R D E R

AND NOW, this 6th day of July, 2009, upon consideration of "Defendants' Motion to Dismiss Plaintiff's Complaint Against Defendants Michael J. Astrue, Commissioner of Social Security and Judge Kenneth R. Andrews" (Doc. No. 2) and brief in support thereof (Doc. No. 3), filed in the above-captioned matter on May 20, 2009, and upon further consideration of Plaintiff's response thereto (Doc. No. 5), filed on June 11, 2009,

IT IS HEREBY ORDERED that said motion is GRANTED, and Plaintiff's Complaint is hereby DISMISSED in its entirety.

Plaintiff apparently filed the Complaint in this case in response to the decision of the Social Security Commissioner granting her application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act and awarding benefits, apparently because she believes that the date of

1

disability onset should have been June 30, 1993, rather than July 1, 2004.[1] After her application had been initially denied, she sought and received a hearing before an administrative law judge ("ALJ") who, pursuant to a September 20, 2007 decision, found Plaintiff to be disabled from July 1, 2004 through the date of the decision. He also recommended that Plaintiff's mother, Marie Jurena, be designated as the representative payee. Plaintiff, apparently arguing that the hearing had been unfair and that the date of disability onset should have been June 30, 1993, requested review of this decision from the Appeals Council, and, on December 16, 2008, the Appeals Council denied her request.

Defendants Michael J. Astrue and Kenneth R. Andrews ("Defendants") argue that Plaintiff's Complaint is an appeal of the Commissioner's decision and should be dismissed as untimely because it was filed more than 60 days after Plaintiff's receipt of the Appeals Council's letter denying review, pursuant to 42 U.S.C. § 405(g).[2] According to Defendants, Plaintiff was required to

---

[1] Defendants, in their brief, and Marian Jones, in her declaration, mistakenly indicate that Plaintiff was denied benefits. However, documents attached both to Ms. Jones' declaration and to the Complaint clearly indicate otherwise. While the reason for this mistake in fact is not clear, it is not relevant to the issues raised in Defendants' motion.

[2] The Court notes that Defendants have not indicated the Federal Rule of Civil Procedure on which they are relying in seeking dismissal of the Complaint. However, since the argument raised is that the Complaint is barred by the applicable statute of limitations, it would appear to have been raised under Rule 12(b)(6). See Bethel v. Jendoco Construct. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). A statute of limitations defense can be raised on a 12(b)(6) motion only if the limitations bar is apparent on the face of the complaint. See id. There is no dispute that the Complaint in this case
(continued...)

2

commence her action by February 20, 2009.[3] Defendants allege that the Complaint was not filed until March 10, 2009. Plaintiff, in her response, does not address the issues raised by Defendants, but rather essentially restates her case, raises issues regarding service of process, and requests damages in the amount of $30,000,000.00.

The first step in addressing the issues raised in Defendants' motion is deciding whether Plaintiff's Complaint is, in fact, an appeal of her social security decision, as Plaintiff's Complaint is difficult to understand. However, the facts alleged and relief sought indicate that the Complaint is, indeed, an action seeking review of the Commissioner's decision and, therefore, subject to the limitations period set forth in 42 U.S.C. § 405(g).

Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

---

[2](...continued)
was filed on March 10, 2009, and the Notice of Appeals Council Action is attached to the Complaint and indicates that it was mailed on December 16, 2008, making it and that date part of the record. Indeed, the date on that notice is not in dispute and has even been circled by Plaintiff.

[3]     Defendants' calculation includes the five days allowed for mailing and is accurate pursuant to Federal Rule of Civil Procedure 6(a).

3

Defendants are correct, therefore, that Plaintiff's Complaint had to be filed within 60 days of the Appellate Council's mailing of its decision (after applying the five-day mail rule), and that Plaintiff actually filed the Complaint well outside of this period. Plaintiff does not allege that the Appellate Council's decision was not actually received within five days of December 16, 2008, nor that it was otherwise received within a time that would render her Complaint timely, nor is there any evidence in the record to that effect.

The United States Supreme Court has held that the 60-day time period set forth in Section 405(g) is not jurisdictional, but rather, constitutes a statute of limitations. See Bowen v. City of New York, 476 U.S. 467, 478 (1986). The statute makes it clear that the Commissioner can extend the time to file an action. Moreover "a traditional equitable tolling principle" applies to the limitations period under Section 405(g). Id. at 480. In any event, Plaintiff did not seek, much less obtain, an extension of time from the Commissioner, and Plaintiff sets forth no grounds to justify tolling the statute of limitations. Moreover, the Court's review of the record indicates no grounds for extending the filing period. Indeed, no reason for the late filing appears on the record, and Plaintiff is appealing what was considered to be a decision fully

4

favorable to her based on her mistaken belief as to the onset date of her disability.[4]

Plaintiff also lists as defendants three individuals, apparently the ALJ and two of her attorneys, but she does not seek any remedies from these individuals and, as stated, the Complaint appears to be an appeal of the Commissioner's decision. Accordingly, these individuals have not properly been named as parties. However, in any event, Plaintiff has raised no claim upon which relief may be granted as to any of these individuals. The ALJ has absolute immunity from damages liability for his judicial acts. See Butz v. Economou, 438 U.S. 478, 512-14 (1978). Further, to the extent that Plaintiff's Complaint could be construed as raising a malpractice claim against her attorneys, which it cannot, she has not pled diversity of citizenship and the Court, therefore, would be without jurisdiction to consider such claims.[5]

---

[4] While incomplete, the record indicates that Plaintiff engaged in substantial gainful activity for many years past 1993 and obviously could not have been considered to have been disabled on the date she now alleges. Moreover, the onset date was one chosen by Plaintiff at her hearing in this case where she was represented by counsel and appears to be consistent with the record, including the first attachment to Plaintiff's response.

[5] Although the attorney-defendants have not yet responded to the Complaint, this Court can and must determine whether it has jurisdiction over a claim sua sponte. See Three Keys Ltd. v. SR Holding Co., 540 F.3d 220, 226 n.7 (3d Cir. 2008); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003). In any event, as stated, no actual claims seeking relief have been brought against these defendants, and they have therefore been improperly named as parties.

Accordingly, Plaintiff's Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as to all of the defendants in this case.

s/Alan N. Bloch<br>United States District Judge

cc:  Deborah Raffinee
    4637 Elizabeth Avenue
    Coraopolis, PA 15108
    (Forwarded certified mail, return receipt requested;
     and regular first-class mail)

ecf:  Counsel of record